UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES DOUGLAS DOBY, III,

    Plaintiff,

v.                                      Case No. 5:25-cv-191-MW-MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed because Plaintiff failed to comply with two court orders and applicable court rules, and failed to pay the filing fee or properly move for leave to proceed *in forma pauperis*.

### BACKGROUND

Plaintiff, a Florida prisoner, commenced this civil action by filing a *pro se* civil-rights complaint, an application for leave to proceed *in forma pauperis* ("IFP"), and a motion for default judgment. Docs. 1–3. Plaintiff's complaint and IFP application were deficient in several respects. *See* Doc. 5.

On August 1, 2025, the undersigned instructed Plaintiff as to the deficiencies in his complaint and IFP application, and ordered Plaintiff to file the following: (1) a notice of voluntary dismissal; or (2) an amended civil-rights complaint on the Northern District's form accompanied by the $405.00 filing fee or a complete application for leave to proceed *in forma pauperis*. Doc. 5. The undersigned imposed a compliance deadline of September 2, 2025, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id.* at 7.

To date, Plaintiff has not complied with the order dated August 1, 2025, and has not responded to the 14-day show-cause order entered on September 16, 2025. Doc. 6.[1]

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any

---

[1] A copy of the September 16 show-cause order was remailed to Plaintiff on September 29, 2025. *See* Doc. 7. That mail was not returned to the court.

claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action when a plaintiff fails to pay the filing fee or demonstrate that he qualifies to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); N.D. Fla. Loc. R. 5.3; *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Plaintiff has failed to comply with two court orders and applicable rules for the Northern District of Florida, failed to prosecute this action, and failed to pay the filing fee or file a proper motion for leave to proceed *in forma pauperis*. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this action is appropriate.

## Conclusion

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court:

    1.    **DISMISS** this case without prejudice.

2. **DIRECT** The clerk of court to close this case file.

At Panama City, Florida, this 29th day of October 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**